Filed
4/18/2023 3:23 PM
Lee Haidusek Chambers
County Clerk
Liberty County, Texas
By:  Tiffany Thornton Deputy

CAUSE NO._____   23CC-CV-00051

| | | |
|---|---|---|
| **ENRIQUE HERNANDEZ MORA**<br>**Plaintiff,** | § <br> § <br> § | **IN THE COUNTY COURT** |
| **vs.** | § <br> § | **AT LAW NO.** ___ |
| **PALOMAR SPECIALTY INSURANCE**<br>**COMPANY**<br>**Defendant.** | § <br> § <br> § <br> § | **LIBERTY COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ENRIQUE HERNANDEZ MORA (hereinafter referred to as ("PLAINTIFF"), and files his Original Petition against DEFENDANT, PALOMAR SPECIALTY INSURANCE COMPANY, and would respectfully show the Court the following:

### I.    Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks damages of monetary relief of $250,000 or less. PLAINTIFF intends to conduct discovery in accordance with the applicable rules of the Texas Rules of Civil Procedure.

### II.    Service of Process

PALOMAR SPECIALTY INSURANCE COMPANY, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service at:

CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

1

EXHIBIT
3

PALOMAR SPECIALTY INSURANCE COMPANY is in the business of providing insurance in the State of Texas. The insurance business done by PALOMAR SPECIALTY INSURANCE COMPANY in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5. The adjusting and inspection of PLAINTIFF'S insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

### III.    Jurisdiction and Venue

Venue of this action is proper in LIBERTY County, Texas because: the policy at issue was issued and delivered in LIBERTY County, Texas; the property insured is situated in LIBERTY County, Texas; PLAINTIFF'S losses occurred in LIBERTY County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in LIBERTY County, Texas.

2

## IV.    Facts

PALOMAR SPECIALTY INSURANCE COMPANY and/or its agents committed the actions alleged against PLAINTIFF in this petition. PLAINTIFF owns the property located at: 3010 FM 1409, DAYTON, TEXAS 77535 with Policy # PIC000026584; Claim # 0000145649. PALOMAR SPECIALTY INSURANCE COMPANY provided coverage to the PLAINTIFF for such building, personal property, and other matter. During the term of said policy, PLAINTIFF sustained covered losses in the form of a winter storm event, on or about February 19, 2021, in LIBERTY County, and water damages resulting therefrom, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to PALOMAR SPECIALTY INSURANCE COMPANY pursuant to the terms of the insurance policy.   As a result, PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas.  These are covered damages under PLAINTIFF'S insurance policy with PALOMAR SPECIALTY INSURANCE COMPANY. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of PALOMAR SPECIALTY INSURANCE COMPANY'S conduct.

## V.    Conditions Precedent

All conditions precedent have been waived by the insurance company, have been performed by Plaintiff, or have otherwise been satisfied. Despite these facts, PALOMAR SPECIALTY INSURANCE COMPANY has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations. Moreover, Defendant's claims that Plaintiff did not comply with the contract are barred by waiver, based on Defendant's breach and noncompliance with the material terms of the insurance

3

contract. Generally, when one party to contract commits material breach, the other party is discharged or excused from further performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).

## VI. Breach of Contract

PLAINTIFF purchased an insurance policy with PALOMAR SPECIALTY INSURANCE COMPANY. PLAINTIFF'S property was damaged by the winter storm and water damage, all of which are covered under the insurance policy. PALOMAR SPECIALTY INSURANCE COMPANY has denied and/or delayed payment of PLAINTIFF'S covered claims. PALOMAR SPECIALTY INSURANCE COMPANY has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. PALOMAR SPECIALTY INSURANCE COMPANY knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of PALOMAR SPECIALTY INSURANCE COMPANY was irresponsible and unconscionable. PALOMAR SPECIALTY INSURANCE COMPANY took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. PALOMAR SPECIALTY INSURANCE COMPANY has, by its conduct, breached its contract with the PLAINTIFF. The conduct of PALOMAR SPECIALTY INSURANCE COMPANY has proximately caused the injuries and damages to the PLAINTIFF.

## VII.    Second Cause of Action: DTPA Violations

PLAINTIFF is a "consumer" entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, PALOMAR SPECIALTY INSURANCE COMPANY has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

4

(a)     PALOMAR SPECIALTY INSURANCE COMPANY made false representations about PLAINTIFF'S rights, remedies, and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     PALOMAR SPECIALTY INSURANCE COMPANY'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     PALOMAR SPECIALTY INSURANCE COMPANY failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy, which was known by PALOMAR SPECIALTY INSURANCE COMPANY at the time for the purpose of inducing PLAINTIFF into transactions which he would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, PALOMAR SPECIALTY INSURANCE COMPANY violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

PALOMAR SPECIALTY INSURANCE COMPANY took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property.  PALOMAR SPECIALTY INSURANCE COMPANY conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFF sues. The conduct of the PALOMAR SPECIALTY INSURANCE COMPANY was more than just a mistake, and was done "knowingly" and/or "intentionally," as those terms are derived by statute.

Because of that, PALOMAR SPECIALTY INSURANCE COMPANY may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

### VIII.    Unfair Insurance Practices

PALOMAR SPECIALTY INSURANCE COMPANY failed to inform PLAINTIFF of material facts, such as the true scope of damage and cost to repair. PALOMAR SPECIALTY INSURANCE COMPANY failed to properly process claims and have misrepresented material facts to the PLAINTIFF. PALOMAR SPECIALTY INSURANCE COMPANY has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, PALOMAR SPECIALTY INSURANCE COMPANY has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and has intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which PALOMAR SPECIALTY INSURANCE COMPANY is fully aware. PALOMAR SPECIALTY INSURANCE COMPANY has concealed damage known by it to exist. PALOMAR SPECIALTY INSURANCE COMPANY has known about covered winter storm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S plea for help. PALOMAR SPECIALTY INSURANCE COMPANY has failed to warn PLAINTIFF of consequential damage to their property.

By its conduct outlined above, PALOMAR SPECIALTY INSURANCE COMPANY committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. PALOMAR

SPECIALTY INSURANCE COMPANY committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)    PALOMAR SPECIALTY INSURANCE COMPANY failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)    PALOMAR SPECIALTY INSURANCE COMPANY failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)    PALOMAR SPECIALTY INSURANCE COMPANY refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)    PALOMAR SPECIALTY INSURANCE COMPANY breached its duty of good faith and fair dealing at common law;

(5)    PALOMAR SPECIALTY INSURANCE COMPANY failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)    PALOMAR SPECIALTY INSURANCE COMPANY compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)     PALOMAR SPECIALTY INSURANCE COMPANY violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)     PALOMAR SPECIALTY INSURANCE COMPANY committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

   (a)     PALOMAR SPECIALTY INSURANCE COMPANY made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

      (i)     the terms of the policy; and/or

      (ii)    the benefits or advantages promised by the policy.

   (b)     PALOMAR SPECIALTY INSURANCE COMPANY made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

   (c)     PALOMAR SPECIALTY INSURANCE COMPANY failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which statements were made; and

   (d)     PALOMAR SPECIALTY INSURANCE COMPANY made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

   (e)     PALOMAR SPECIALTY INSURANCE COMPANY refused to make a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

8

PALOMAR SPECIALTY INSURANCE COMPANY'S conduct as described herein was a producing cause of damages to PLAINTIFF, for which he now sues.

IX.    Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF'S claims were presented to PALOMAR SPECIALTY INSURANCE COMPANY, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, PALOMAR SPECIALTY INSURANCE COMPANY refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, PALOMAR SPECIALTY INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. PALOMAR SPECIALTY INSURANCE COMPANY failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTIFF'S claims in good faith, an affirmative duty placed on PALOMAR SPECIALTY INSURANCE COMPANY, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, PALOMAR SPECIALTY INSURANCE COMPANY breached its duty to deal fairly and in good faith with the PLAINTIFF. PALOMAR SPECIALTY INSURANCE COMPANY'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF, for which he sues.

IN

X.   Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claims to PALOMAR SPECIALTY INSURANCE COMPANY. PALOMAR SPECIALTY INSURANCE COMPANY has engaged in unfair settlement claims practices, as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. PALOMAR SPECIALTY INSURANCE COMPANY'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. PALOMAR SPECIALTY INSURANCE COMPANY'S investigation and use of adjusters' reports was an "outcome-oriented" investigation. PALOMAR SPECIALTY INSURANCE COMPANY failed to comply with the requirements of Chapter 542 listed herein:

(a)   Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(b)   Failing to request all of the items, statements and forms the PALOMAR SPECIALTY INSURANCE COMPANY reasonably believed at the time would be required from PLAINTIFF to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from PALOMAR SPECIALTY INSURANCE COMPANY the statutory penalty of 5% plus the interest rate determined under Section 304.003, Finance Code, on all amounts due on PLAINTIFF'S claims, together with attorney's fees, for which he sues.

XI.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative,

PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by PALOMAR SPECIALTY INSURANCE COMPANY as to any exclusion, condition, or defense pled by PALOMAR SPECIALTY INSURANCE COMPANY, PLAINTIFF would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by PALOMAR SPECIALTY INSURANCE COMPANY violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with PALOMAR SPECIALTY INSURANCE COMPANY. In this regard, PLAINTIFF would show that his insurance policy was renewed uninterruptedly for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, PALOMAR SPECIALTY INSURANCE COMPANY is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake, thus requiring reformation.

## XII. Exemplary Damages

Plaintiff would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of the Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff requests exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

## XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the PALOMAR SPECIALTY INSURANCE COMPANY for actual attorney's fees, cost of suit,

mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdictional limits of the court.

### XIV.  Jury Demand

PLAINTIFF requests that this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

### XV.  Required Disclosures

Under Texas Rule of Civil Procedure 194, PLAINTIFF requests that PALOMAR SPECIALTY INSURANCE COMPANY disclose, within 30 days of filings its answer, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

*/s/ Omar Ochoa*
Omar Ochoa
Tex. Bar No. 24079813
**OMAR OCHOA LAW FIRM PC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
oochoa@omarochoalaw.com

*/s/ Victor Rodriguez Jr.*
Victor Rodriguez Jr.
Tex. Bar No. 24041809
**VICTOR RODRIGUEZ LAW FIRM PLLC**
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
victor@vrodriguezlaw.com

***ATTORNEYS FOR PLAINTIFF***

13

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Ramos on behalf of Omar Ochoa
Bar No. 24079813
rramos@omarochoalaw.com
Envelope ID: 74771567
Filing Code Description: Original Petition
Filing Description:
Status as of 4/19/2023 9:45 AM CST

Associated Case Party: EnriqueHernandezMora

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Renee Rosillo | | rrosillo@omarochoalaw.com | 4/18/2023 3:23:06 PM | SENT |
| Victor Rodriguez | | Victor@vrodriguezlaw.com | 4/18/2023 3:23:06 PM | SENT |
| Robert Ramos | | rramos@omarochoalaw.com | 4/18/2023 3:23:06 PM | SENT |
| Omar Ochoa | | oochoa@omarochoalaw.com | 4/18/2023 3:23:06 PM | SENT |
| Isabel Moreno | | imoreno@omarochoalaw.com | 4/18/2023 3:23:06 PM | SENT |